IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RGOLD GROUP L.L.C., | § | |
| | § | |
| *Appellant*, | § | |
| | § | Civil Action No. 4:09-CV-173 |
| v. | § | |
| | § | |
| UNITED STATES TRUSTEE and | § | |
| RAYBURN PARTNERS LTD., | § | |
| | § | U.S. Bankruptcy Court No. 08-42953 |
| *Appellees*. | § | |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT GRANTING APPELLEE RAYBURN PARTNERS LTD.'S MOTION TO DISMISS

Appellant Rgold Group, L.L.C. appeals from the December 28, 2008 Order Granting Appellee Rayburn Partners Ltd.'s Motion for Order Lifting the Automatic Stay Under 11 U.S.C. § 362(d)(4) Against Certain Real Property and from the February 18, 2009 Order Granting Appellee United States Trustee's Motion to Dismiss With Prejudice, in Case Number 08-42953, Hon. Brenda T. Rhodes, Presiding.

Appellant frames a series of seven issues on appeal. Issue Nos. 1 and 2 concern alleged points of error in the February 18, 2009 Order, which dismissed the case with prejudice, while Issue Nos. 3 through 7 involve alleged points of error in the December 28, 2008 Order, which lifted the automatic stay as to a piece of real property located at 4521 Ringgold Lane in Plano, Texas.

Contemporaneously with the briefing in this case, two motions were filed by the parties. The first was a largely unopposed motion to abate the portion of the appeal which alleges error in the February 18, 2009 Order dismissing the case, on the grounds that Appellant and the Trustee believed they would be able to resolve these points after the remainder of the appeal concerning the December

1

28, 2008 Order lifting the automatic stay was disposed of. *See* Doc. # 8. Appellee Rayburn Partners opposed the motion to the extent that it would prohibit Rayburn from arguing its motion to dismiss the appeal of the December 28, 2008 Order. The second motion was filed by Rayburn, seeking to dismiss the portion of the appeal dealing with the December 28, 2008 Order as moot, because the real property in question was sold at a foreclosure sale more than two months before the appeal was filed. *See* Doc. # 10. Appellant did not respond to that motion. A party failing to oppose a motion is assumed not to oppose it. Local Rule CV-7(d).

On the record before it, the court finds that the portion of the appeal concerning the December 28, 2008 Order lifting the automatic stay with respect to the Ringgold Lane property should be dismissed as moot. Appellant and the Trustee should notify the court within ten (10) calender days of this Order whether the remainder of the appeal concerning the February 18, 2009 Order dismissing the case should proceed.

## I. Factual and Procedural Background

On March 31, 1998, Gary Schepps purchased a piece of real property located at 4521 Ringgold Lane in Plano, Texas, from John Michael and Shelley Rayburn. Mr. Schepps executed and delivered a Real Estate Lien Note on the same day to the Rayburns, in the amount of $106,200. The Note provided for payment in 120 equal monthly installations, beginning in May 1998, with a balloon payment equal to all unpaid principal and interest due on April 1, 2008. The property's Deed of Trust, creating a lien on the property that secured payment of the Note, was recorded in the land records of Collin County, Texas.

The Rayburns subsequently assigned the Note and their rights under the Deed of Trust to Appellee Rayburn Partners. Mr. Schepps failed to pay the balloon payment due under the Note on

April 1, 2008. As Mr. Schepps was in default, the Deed's Trustee, a Mr. Roeder, posted the property for foreclosure to occur on June 3, 2008, and gave Mr. Schepps proper notice of the foreclosure.

On May 29, 2008, Mr. Schepps commenced the first in a line of state and federal court cases to block the foreclosure. The May 29 case was filed in the 134th District Court in Dallas County, Texas, before Judge Anne Ashby. Judge Ashby granted a Temporary Restraining Order ("TRO") halting the June 3 foreclosure until June 23, 2008. Defendants filed a motion to transfer the case to Collin County, where the property was located, which was granted on June 26, 2008.

Foreclosure was re-posted for August 5, 2008. Again, Mr. Schepps received proper notice of the foreclosure and sought to block it by filing suit in the County Court at Law No. 5 in Dallas County, Texas, before Judge Mark Greenberg. Judge Greenberg held a hearing on Mr. Schepps's application for a TRO on August 1, 2008, and denied it. Mr. Schepps then filed a petition for a writ of mandamus against Judge Ashby and other Defendants in the Court of Appeals for the Fifth District of Texas at Dallas, challenging Judge Ashby's order transferring her case to Collin County and seeking to halt the August 5 foreclosure. The petition was denied on August 1.

On August 4, 2008, Mr. Schepps filed suit in the United States District Court for the Northern District of Texas, Dallas Division, before Judge Jane Boyle. Mr. Schepps again sought a TRO to halt the August 5 foreclosure. Judge Boyle denied the TRO the same day. Also on August 4, Ringold Group, L.L.C. filed a voluntary petition for relief under Chapter 11. The following day, immediately before the scheduled foreclosure, Mr. Schepps executed a quitclaim deed, purporting to quitclaim his interest in the Ringgold Lane property to Ringold Group. When the automatic stay went into effect in Appellant's bankruptcy case, the effect was to enjoin the August 5 foreclosure.

On August 12, 2008, the United States Trustee filed a motion to dismiss or convert the bankruptcy case, partially on the grounds that the case was a "bad faith" filing. On September 19, 2008, the Bankruptcy Court entered an agreed order granting the motion, dismissing the case pursuant to 11 U.S.C. § 1112(b).

According to the February 18, 2009 transcript of a Bankruptcy Court proceeding in the instant case, it is questionable whether the August 4 transfer of the property to Ringold—alternately spelled as "Ringold" and "Ringgold" on the docket sheet and in court transcripts—actually went through. *See* Doc. # 12, 3:14-18. However, on August 6, 2008, Mr. Schepps formed Appellant in this case, Rgold Group. The Ringgold Lane property was transferred to Rgold on October 28, 2008.

On November 3, 2008, Appellant filed its voluntary petition for relief under Chapter 11. The following day, the U.S. Trustee filed a motion to dismiss or convert, seeking dismissal of the case under Section 1112(b) with prejudice to re-filing for 180 days. On November 10, Appellee Rayburn Partners filed a motion for an order lifting the automatic stay against the property on Ringgold Lane. After two hearings on November 26 and December 16, 2008, the Bankruptcy Court granted Rayburn's motion on December 28, 2008 and lifted the stay.

On January 9, 2009, Mr. Roeder noticed a foreclosure sale of the Ringgold Lane property for February 3, 2009 and notified Mr. Schepps. Mr. Schepps again filed suit in the 191st Judicial District Court of Dallas County before Judge Gena Slaughter, seeking a TRO to stop the February 3 sale. The TRO was granted, then vacated after Rayburn filed emergency objections. The foreclosure sale was conducted on February 3, and the property purchased by Rayburn for $125,000.

On February 18, 2009, the Bankruptcy Court granted the U.S. Trustee's pending motion to dismiss, dismissing the case with prejudice. This appeal followed on April 13, 2009.

## II. Discussion

A.    <u>Standard of Review</u>

A bankruptcy court's lift of an automatic stay is reviewed for abuse of discretion, *In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997), as is the granting of a motion to dismiss. *Matter of Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988) ("[T]he decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge.").

B.    <u>Analysis</u>

1.    *Motion to lift automatic stay with respect to Ringgold Lane property*

Appellee argues that because the Ringgold Lane property was sold on February 3, 2009, before the bankruptcy case was dismissed on February 18, 2009 and before this appeal was filed on April 13, 2009, the portion of the appeal dealing with the December 28, 2008 Order should be dismissed as moot. This argument was raised in Appellee's brief, and was also the subject of an independent motion to dismiss [Doc. # 10]. Appellant has not responded to this motion.[1]

In *Matter of Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733-35 (5th Cir. 1990), the Fifth Circuit stated the following regarding mootness of an appeal based on the sale of collateral or other property after the automatic stay is lifted:

> The automatic stay provided by [11 U.S.C. S]ection 362 is in the nature of an automatic injunction. A creditor may seek relief from the stay; and, if appropriate, the court may lift the stay. The debtor may appeal this court action, but *to ensure* that the collateral will be preserved, *must* obtain a stay pending appeal . . . Obtaining a stay pending appeal guarantees

---

[1]In addition to failing to provide any citation to an appellate or district court opinion in the Fifth Circuit, Appellant's brief does not include references to any particular exhibit or portion of any hearing transcript which might support its claim of error by Judge Rhodes. The bankruptcy docket sheet is eight pages long, and contains nearly forty documents. This court will not comb such a record in search of a citation that *might* support the conclusory statements in Appellant's brief, especially since Appellant has declined to oppose the motion to dismiss.

that the district court may be able to grant adequate relief (i.e.: enjoin the foreclosure). If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot. The mootness doctrine is grounded primarily and originally in the appellate court's inability to fashion relief . . . The mootness rule applied in [Section] 362 cases is judicially derived from a fundamental jurisdictional tenet: federal courts are empowered to hear only live cases and controversies. U.S. Const. art. III, section 2.

(emphasis in original); *see also In re Emiabata*, 2009 WL 5205352 at *1 (S.D. Tex. Dec. 23, 2009) (dismissing as moot an appeal where the collateral was sold in the absence of a stay). Simply put, if a debtor fails to obtain a stay pending appeal after the automatic stay is lifted, and the collateral is subsequently sold, his appeal is generally moot.

The automatic stay in this case was lifted on December 28, 2008. Although Appellant did attempt to block the February 3, 2009 foreclosure sale by filing a TRO in state court, it never attempted to obtain a stay pending appeal under Fed. R. Bank. P. 8005. The property was sold on February 3, and this appeal was not filed until more than two months later. Under these facts, and in the absence of a response from Appellant, the court will deny as moot the portion of the appeal requesting review of the Bankruptcy Court's Order Lifting the Automatic Stay Under 11 U.S.C. § 362(d)(4) Against Certain Real Property.

2.      *Motion to abate remainder of appeal*

Appellant and the U.S. Trustee filed an agreed motion to abate the portion of the appeal requesting review of the February 18, 2009 Order Granting United States Trustee's Motion to Dismiss With Prejudice, pending outcome of the portion concerning the Order Lifting the Automatic Stay. As that portion has now been resolved, the court denies the motion to abate as moot. Counsel for Appellant and the Trustee should notify the court within ten (10) calender days of this Order as

to whether the appeal will proceed.  If so, a briefing schedule for the Trustee's responsive brief and the Appellant's reply brief will be set at that time.

IT IS THEREFORE ORDERED that Appellee Rayburn Partners, Ltd.'s Motion to Dismiss Appeal of Lift Stay Order as Moot [Doc. # 10] is GRANTED.

IT IS FURTHER ORDERED that Appellant Rgold Group, LLC's Unopposed Motion to Abate [Doc. # 8] is DENIED AS MOOT.  Appellant and the United States Trustee should notify the court within ten (10) calender days whether the remainder of the appeal should proceed.

So **ORDERED** and **SIGNED** this **27** day of **January, 2010.**

_____
Ron Clark, United States District Judge